UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:08-CR-43-01 |
| | ) | Phillips |
| SIMON SONIA PULI, JR. | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on the defendant's *pro se* Motion for Early Termination of Supervised Release [Doc. 36]. The record reflects that the defendant pled guilty to and was convicted of one count of conspiracy to distribute 50 grams of more of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). He was sentenced to a term of imprisonment of 48 months, followed by a term of supervised release of five (5) years. Defendant has completed his term of imprisonment, including 500 hours of substance abuse treatment from the Bureau of Prisons Residential Drug Treatment Program. Defendant began his term of supervised release on October 31, 2011, and has completed 38 months of his five-year term of supervised release without incident. The defendant is attempting to return to college to complete his bachelor's degree. The government has advised that it has no objection to defendant's motion.

The Probation Office has advised that the defendant has complied with all the conditions and requirements of his term of supervised release. The defendant has had three jobs since his release and has maintained his current job at HH Gregg since October 1, 2012. Defendant has not incurred any arrests or violations while on supervised release

and his drug screens have been negative. Defendant maintains a stable residence in Lenoir City, Tennessee. Defendant has served over half of his term of supervision and his current supervising probation officer, in consultation with his prior supervising probation officers, has no objection to the early termination of his supervision.

Defendant moves for early termination of supervised release pursuant to 18 U.S.C. § 3564(c) which provides:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

After carefully considering the requirements of the statute, the Court finds the relevant portions of 18 U.S.C. § 3553(a) support an early termination of defendant's supervised release. In support of this determination, the Court notes that defendant has completed more than half of his term of supervised release; he has been in full compliance with the conditions of his supervised release; he maintains steady employment and a stable residence. In addition, his supervising probation officer does not oppose the request for early termination. It appears to the Court that defendant has rehabilitated himself and he poses no threat to any individual or the community to reoffend. Accordingly, pursuant to 18 U.S.C. § 3564(c), based on the defendant's conduct and the interests of justice, defendant's motion for early termination of

2

supervised release [Doc. 36] is **GRANTED.** Defendant's term of supervised release is **TERMINATED.**

**IT IS SO ORDERED.**

                                            s/ Thomas W. Phillips
                                        **SENIOR UNITED STATES DISTRICT JUDGE**